**TAYLOR & GOMEZ, LLP**
Benjamin Taylor, SBN: 023868
2600 North 44th Street, Suite B-101
Phoenix, Arizona 85008
Phone: 602-394-8930 Fax: 602-957-3257
E-mail: bt@taylorgomezlaw.com

**BIHN & McDANIEL, P.L.C.**
2600 N. Central Ave, Suite 1775
Phoenix, Arizona 85004
(602) 248 9779
Martin A. Bihn (014338)
mbihn@phxlegal.com

**Law Office Of Michael S. Eskander, P.L.C.**
Michael S. Eskander, J.D., L.L.M.
(480) 491-4400
1921 South Alma School
Suite 310
Mesa, Arizona 85210
Michael@eskanderlaw.com
Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L. Doe;<br><br>                          Plaintiff,<br>   vs.<br><br>Mayo Clinic, a foreign non-profit corporation d/b/a Mayo Clinic Alix School of Medicine;<br><br>                          Defendants. | **No.**<br><br>**MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM** |

Plaintiff K. Doe requests the Court: grant her permission to proceed under a pseudonym in this case.

## I.      Background

Plaintiff won a US Air Force scholarship to attend medical school and a guaranteed residency. Plaintiff successfully completed her first two years of medical school.  During her third year Plaintiff contracted COVID and suffered debilitating side effects including autonomic neuropathy, an autoimmune disease. Plaintiff took a leave of absence. Plaintiff's health deteriorated, requiring her to use a walker and scooter to ambulate.  Plaintiff's disability ultimately disqualified her for her scholarship.  Plaintiff wanted to return to school. Months before her planned return plaintiff advised the school of her disability and requested accommodations.

Instead of working with its medical staff to ensure that the clerkship rotations were accessible, medical school largely left it to plaintiff to educate staff about her disability and needed accommodations. Despite plaintiff's efforts to educate staff about her accommodations, plaintiff was frequently excluded from seeing patients because of her walker and scooter.  Plaintiff also had to spend precious time for each clerkship trying to arrange the logistics of transportation, building access and even locating places to safely park and charge the scooter for each clerkship location.  Plaintiff repeatedly raised her accommodation concerns with medical school. The medical school was deliberately indifferent to many of plaintiff's requests, and even dissuaded her from applying for residency by telling her that she would probably not be accommodated in a residency program.  Plaintiff struggled physically but graduated in May 2024 in spite of the school's

failure accommodate her.  Plaintiff is currently seeking employment until she can apply for the residency[1] match program[2]  next year to realize her goal of becoming a physician.

## II.      Legal Standard

The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). "This presumption is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." *Kamehameha,* 596 F.3d at 1042.

Courts have permitted plaintiffs to use pseudonyms "when identification creates risk of retaliatory physical or mental harm" and "when anonymity is necessary to 'preserve privacy in a matter of sensitive and highly personal nature.' " *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). To test whether use of a fictious name is appropriate, courts ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

To determine whether to allow a party to proceed anonymously, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to ... retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042. District courts place particular emphasis on the first and second factors. *Id.* at 1043.

---

[1] https://www.umhs-sk.org/blog/what-is-medical-residency
[2] https://www.nationalmatchingprogram.org/about-nmp/

**Severity of threatened harm and reasonableness of fears**

Plaintiff should be permitted to use pseudonyms to preserve her privacy in this matter because a significant portion of the case involves sensitive and highly personal medical issues. Plaintiff has been diagnosed with Autonomic Neuropathy and long covid (Complaint paragraph 12-15). Autonomic neuropathy is a subset of postural orthostatic tachycardia syndrome ("POTS").  Plaintiff understands this to be a deeply stigmatized diagnosis in medicine, often thought to be associated with mental illness. Plaintiff expects her medical conditions to play a large role in the litigation over the defendant's failure to accommodate under the ADA and related a state law claim.

Plaintiff has strong concerns that if she cannot proceed by pseudonym her private medical information, together with the fact she challenged Mayo Clinic will cripple her ability to match to residency programs and obtain subsequent employment in clinical medicine.

As this Court is aware, the internet is forever. Court filings are republished throughout the internet. Plaintiff fears that all of her private information will be similarly republished. These considerations have recently warranted permission to proceed by pseudonym for another medical student suing her medical school. See *Doe v. Elson S Floyd College of Medicine at Washington State University*, 2:20-cv-00145, 2021 WL 4197366 (E.D. Washington) 3/24/2021) (Medical student permitted to proceed by pseudonym in pretrial matters where mental condition of anxiety and depression, status as survivor of domestic violence and risk of disastrous consequences to career (not being able to match) outweighed public interest and prejudice to defendant who was aware of plaintiff's identity.)

4

**Vulnerability to retaliation**

Plaintiff is vulnerable to retaliation by defendant. Defendant is a large well known institution with nationwide reach in virtually every aspect of medicine.  Defendant could effectively retaliate against plaintiff by simply providing case documents to relevant residency programs when plaintiff applies next year. Plaintiff's private medical information, future residency and subsequent employment prospects are highly vulnerable if she cannot proceed by pseudonym.

**Prejudice to opposing party**

Plaintiff proceeding by pseudonym does not prejudice defendant. Plaintiff is well known to defendant.

**Public Interest**

The use of a pseudonym in this case will not "obstruct public scrutiny of the important issues in this case." See *Advanced Textile Corp.*, 214 F.3d at 1072. The public has an interest in seeing this case resolved on the merits, and fear of reprisal may chill Plaintiff's willingness to challenge the alleged violation of her rights. *Id.* at 1073 (discussing the chilling effect in the employment context).

**III.    Conclusion**

Balancing these factors, plaintiff's need for anonymity outweighs any prejudice to the defendant and the public's interest in knowing plaintiff's true name. Plaintiff must be permitted to proceed by pseudonym.

1      Dated this 21st day of June  2024.

2

3                                                    BIHN & McDANIEL, P.L.C.

4                                                    /s/ Martin A. Bihn

5                                                    _____
                                                     Martin A. Bihn
6
                                                     **TAYLOR & GOMEZ, LLP**
7
8                                                    /s/ Benjamin Taylor

9                                                    _____
                                                     Benjamin Taylor
10
11                                                   **Law Office Of Michael  Eskander, P.L.C.**

12                                                   /s/ Michael S. Eskander

13                                                   _____
                                                     Michael S. Eskander
                                                     *Co-Counsel for Plaintiffs*
14
        Original of the foregoing electronically
15      filed this 21st day of June, 2024, with:

16      Clerk of the United States District Court
        using the CM/ECF System for filing and
17      Transmittal of a Notice of Electronic Filing
18      to ECF registrants

19
        /s/ Martin A. Bihn
20      Martin A. Bihn

21

22

23

24

25

26

27