WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K. Doe, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>Mayo Clinic, a foreign non-profit corporation d/b/a Mayo Clinic Alix School of Medicine,<br><br>   Defendants. | No. CV-24-01509-PHX-DGC<br><br>**ORDER** |

  Plaintiff K. Doe asserts claims for violation of the Americans with Disabilities Act (ADA), violation of Section 504 of the Rehabilitation Act, and breach of contract against Defendant Mayo Clinic. Doc. 18.[1] Plaintiff moves for permission to proceed under a pseudonym. Doc. 2.[2] The Court will grant the motion with conditions.

**I. Background.**

  Plaintiff is a former medical student at Defendant Mayo Clinic's Alix School of Medicine in Phoenix, Arizona. Doc 18 ¶ 10. She contracted COVID-19 during her third

---

[1] The Court refers to Plaintiff as "K. Doe" because that is the name used in her First Amended Complaint. Doc. 16. Plaintiff's counsel also uses "L. Doe" in repeated filings, including after the First Amended Complaint was filed. *See* Docs. 1, 21, 23.

[2] Defendant filed a response to Plaintiff's motion (Doc. 10), but Plaintiff filed a reply brief from a different case. *See* Doc. 14. The Court notified Plaintiff of the error and she filed the correct reply brief on November 5, 2024. Doc. 28.

1

year of medical school in 2023 and took a leave of absence after suffering from symptoms of long COVID.  *Id*. ¶¶ 11-13.  She was subsequently diagnosed with autonomic neuropathy and began using a walker or scooter to get around.  *Id*. ¶¶ 15-16.  Before returning to medical school, she informed the school of her disability and requested accommodations.  Plaintiff alleges the school failed to notify staff of her accommodation needs and to provide accessible alternatives during her clerkship rotations, hindering her learning experience.  *Id*. ¶¶ 35, 40-41, 68-69, 72-74, 76, 78.  She also alleges the school dissuaded her from applying to a residency program, telling her it would be difficult to get accommodations.  *Id* ¶¶ 79-80.  But for Defendant's failure to accommodate her disability in accordance with the law and its own policies and procedures, Plaintiff alleges, she would be in a residency program today.  *Id*. ¶ 82.

**II.     Pseudonym Standard.**

Normally, parties must use their real names in civil litigation.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").  Use of a fictitious name also runs afoul of the public's common law right of access to judicial proceedings.  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

"[W]e allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *Id.* at 1067–68 (citation omitted).  A court must balance the moving party's need for anonymity against the public's interest in knowing the identities of the parties and any prejudice to the opposing party.  *Id.* at 1068.

**III.    Balancing.**

  **A.     Plaintiff's Need for Anonymity.**

Plaintiff asserts that her claims involve highly sensitive and personal medical issues related to her autonomic neuropathy and long COVID diagnoses.  Doc. 2 at 4.  She asserts that her condition is "a deeply stigmatized diagnosis in medicine, often thought to be associated with mental illness.  *Id*.  If this private medical information is disclosed during

2

the case and associated with her name, Plaintiff worries it will impair her ability to match with a residency program and gain employment in her chosen field. *Id.*

Defendant does not dispute that this case will involve sensitive and personal medical issues. Doc. 10 at 4. Defendant instead asserts that Plaintiff fails show it is uniquely necessary to proceed pseudonymously in this case. "Disclosure of medical records is part and parcel of judicial proceedings in many types of litigation . . . That the medical records might include embarrassing or private information is not unusual and does not justify the secrecy of anonymity." *E.L. v. Scottsdale Healthcare Corp. Health Plan*, No. 2:11-CV-00271-REJ, 2011 WL 1748548, at *1 (D. Ariz. May 6, 2011).

Defendant does not refute, however, that Plaintiff's maladies could be particularly detrimental to her obtaining a residency and pursuing her medical career. Plaintiff also asserts that the mere fact that she is suing her medical school could impair her ability to obtain a residency with other medical programs. Defendant calls this fear "wholly speculative" and "unsubstantiated" (Doc. 10 at 6), but at least one other court has recognized that a plaintiff's lawsuit against her medical school "could negatively impact her ability to match to a residency." *Doe v. Elson S Floyd Coll. of Med. at Wash. State Univ.*, No. 2:20-CV-00145-SMJ, 2021 WL 4197366, at *2 (E.D. Wash. Mar. 24, 2021). Although the plaintiff in *Elson S Floyd* faced additional possible harms, the district court did recognize that failing to obtain a residency was a genuine harm presented by her lawsuit. Defendant does not dispute that such a harm would be severe in a medical career.[3]

### B. Balancing Prejudice and Public Interest.

Plaintiff asserts that it would not prejudice Defendant to allow her to proceed under a pseudonym because her identity is known to the institution. Doc. 2 at 5. Defendant argues that granting pseudonymity would create "asymmetric anonymity" and enable her to accuse Defendant of serious violations of federal law "while cloaked in anonymity."

---

[3] Plaintiff also claims that if she is not allowed to proceed pseudonymously, Defendant could retaliate against her by providing prospective residency programs with case documents that would destroy her chances of obtaining a residency. Doc. 2 at 4-5. Plaintiff provides no evidence to show this fear is reasonable such as evidence Defendant has engaged in similar conduct or has made threats to do so.

3

Doc. 10 at 10. But the Ninth Circuit has rejected a similar argument where, as here, the defendant failed to show how making the plaintiff's name public would counter the adverse publicity caused by the serious allegations. *Advanced Textile*, 214 F.3d at 1072.

Defendant also argues that it may be prejudiced in seeking third party discovery if it cannot use plaintiff's name, and that "jurors could interpret pseudonymity at trial as indication of the defendant's culpability." Doc. 10 at 10. But Plaintiff agrees her name can be used in discovery and at trial so long as publicly filed documents refer to her only by pseudonym. Doc. 28 at 7. Thus, there is no apparent prejudice to Defendants at this stage.

Defendant argues that the public interest favors disclosure of Plaintiff's name, but Defendant does not show, and the Court cannot conclude, that withholding Plaintiff's identity "will obstruct public scrutiny of the important issues in this case." *Advanced Textile*, 214 F.3d at 1072. The nature of the dispute and the basis for the Court's rulings will be apparent from the record, and Defendant does not show how adding Plaintiff's name would reveal a fact of public interest.

**C.   Balancing Conclusion.**

Plaintiff faces a potentially serious injury – loss of a residency opportunity – if her illnesses and her lawsuit against her medical school are publicly disclosed. On the other hand, the Court finds no prejudice to Defendant given the conditions identified below, and no meaningful public interest solely in the revelation of Plaintiff's name. Balancing the factor identified by the Ninth Circuit in *Advanced Textile*, the Court therefore concludes that Plaintiff may proceed anonymously.

**IV.   Conclusion.**

The Court will grant Plaintiff's motion with conditions. First, to eliminate any potential prejudice to Defendant, Plaintiff's name may be used in discovery and at trial but shall be omitted from publicly filed documents. Second, as the Ninth Circuit has recognized, "the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Advanced Textile*, 214 F.3d at 1069. If Defendant concludes

that it or the public interest are being prejudice by Plaintiff's anonymity as this case proceeds, it may raise the issue with the Court. The issue should be raised in a joint phone call to the Court, not by filing a motion.

**IT IS ORDERED** that Plaintiff's motion for permission to proceed under pseudonym (Doc. 2) is **granted** with the conditions identified above.

Dated this 13th day of November, 2024.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

5