**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K. Doe, an individual, | No. CV-24-01509-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Mayo Clinic, a foreign non-profit corporation d/b/a Mayo Clinic Alix School of Medicine, | |
| Defendant. | |

Plaintiff K. Doe asserts claims for violation of the Americans with Disabilities Act (ADA), violation of Section 504 of the Rehabilitation Act, and breach of contract against Defendant Mayo Clinic. Doc. 18.[1] Defendant moves to dismiss count two of the first amended complaint, the breach of contract claim. Doc. 20. The motion is fully briefed and Defendant's request for oral argument is denied because it will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For the reasons stated below, the Court will deny the motion.

## I.    Background.

Plaintiff is a former medical student at Defendant Mayo Clinic's Alix School of Medicine in Phoenix, Arizona. Doc. 16 ¶ 10. She contracted COVID-19 during her third

---

[1] The Court refers to Plaintiff as "K. Doe" because that is the name used in her first amended complaint. Doc. 16. Plaintiff's counsel also uses "L. Doe" in repeated filings, including the response to the motion to dismiss. *See, e.g.,* Docs. 1, 21, 23.

year of medical school in 2023 and took a leave of absence after suffering from symptoms of long COVID. *Id.* ¶¶ 11-13. She was subsequently diagnosed with autonomic neuropathy and began using a walker or scooter to move around. *Id.* ¶¶ 15-16. Before returning to medical school, she informed the school of her disability and requested accommodations. Plaintiff alleges the school failed to notify staff of her accommodation needs and provide accessible alternatives during her clerkship rotations, hindering her learning experience. *Id.* ¶¶ 35, 40-41, 68-69, 72-74, 76, 78. She also alleges the school dissuaded her from applying to residency programs, telling her it would be difficult to get accommodations. *Id.* ¶¶ 79-80. Plaintiff alleges she would be in a residency program today if Defendant had accommodated her disability. *Id.* ¶ 82.

## II.    Rule 12(b)(6) Standard.

Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court treats all allegations of material fact in the complaint as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III.   Breach of Contract Claim.

To plead breach of contract, a plaintiff must identify a contract, breach, and damages. *Thunderbird Metallurgical, Inc. v. Ariz. Testing Labs.*, 423 P.2d 124, 126 (Ariz. Ct. App. 1967).[2] Defendant concedes that Plaintiff pleads a contract existed between the parties, which Plaintiff characterizes as payment of a sum of money in exchange for access

---

[2] The Court cites Arizona law because the briefing assumes Arizona law applies to the parties' contract. *See* Docs. 20, 23, 26.

to Defendant's medical degree program. Doc. 20 at 6. Defendant argues, however, that Plaintiff fails to allege a breach of that contract because Plaintiff had access to Defendant's medical degree program which she completed, receiving a medical degree. *Id.* Plaintiff also alleges that Defendant owed her certain duties described in its "written policies, acceptance letters, enrollment documents, and student handbooks" and made other implicit and explicit promises about the educational environment. Doc. 16 ¶¶ 93-94. She alleges that Defendant failed to follow several of these policies and procedures, specifically the Disability Accommodations Procedure, Disability Accommodations Policy, and Student Mistreatment Policy and Grievance Procedure. *Id.* ¶¶ 95-96. The Court finds that Plaintiff sufficiently pleads facts on the face of her complaint that, if accepted as true, show the existence of a contract, a breach, and resulting injury.

Defendant claims that Plaintiff does not assert any facts that tie its policies and procedures to the parties' contract and fails to establish any contractual duty to adhere to them. Doc. 20 at 7. To the extent Plaintiff claims breach of contract for other "promises," Defendant argues that the promises are "too vague, aspirational, and general" to create a contractual obligation. *Id.* at 5. But the Court has already found that Plaintiff has pled a breach of contract claim, and whether Defendant was contractually obligated to abide by specific policies or procedures, and whether other alleged promises amount to contractual obligations, are factual inquiries not appropriate at the pleading stage. Parties are not required to allege every potentially relevant fact. *Twombly*, 550 U.S. at 555 (noting that "detailed factual allegations" are not required to survive a motion to dismiss). Defendant's arguments are more appropriate for summary judgment or trial.

Defendant also claims that Plaintiff's breach of contract claim fails as a matter of law because the specific policies and procedures Plaintiff identifies serve to implement preexisting legal duties under the ADA and Rehabilitation Act, and Plaintiff cannot seek to enforce these statutory provisions through a breach of contract claim. Doc. 20 at 3. This too is a factual issue that should be resolved at summary judgment or trial. Confining its ruling to the face of the complaint, the Court cannot conclude that the alleged policies and

procedures are entirely duplicative of Defendant's statutory obligations. These factual issues should be addressed later in the case.[3]

       **IT IS ORDERED** that Defendant's motion to dismiss count two of the first amended complaint (Doc. 20) is **denied**.

       Dated this 12th day of February, 2025.

_David G. Campbell_
_____
David G. Campbell
Senior United States District Judge

---

[3] The Court notes that the case relied on most heavily by Defendant, *Scruggs v. Grand Canyon Univ.*, No. CV-22-00534-PHX-MTL, 2023 WL 8076065 (D. Ariz. Nov. 21, 2023), was a summary judgment ruling. The same is true of other cases cited by Defendant such as *United Cal. Bank v. Prudential Ins. Co. of Am.*, 681 P.2d 390 (Ct. App. 1983).